UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RYANN FENN,
        Plaintiff

v.                                          C.A. NO.

MANSFIELD BANK,
        Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. Plaintiff Ryan Fenn is a resident of New Bedford, Bristol County, Commonwealth of Massachusetts.

2. Defendant Mansfield Bank has a principal place of business in Mansfield, Bristol County, Commonwealth of Massachusetts.

### Factual Allegations

3. Defendant is an "employer" subject to the Fair Labor Standards Act ("FLSA") and the Massachusetts Overtime Law, G.L. c. 151, § 1A ("the Massachusetts Overtime Law"), which among other things, require it to pay its employees 1.5 times their regular rate of pay for all hours they work in excess of 40 in a seven day workweek, unless the employees are "exempt" from the laws' overtime provisions because of the nature of their work. 29 U.S.C. § 207(a); G.L. c. 151, § 1A.

4. Defendant employed Plaintiff from May 2013 to April 2014 in a position it classified as "Systems Administrator."

5. Plaintiff met or exceeded Respondent Mansfield Bank's expectations for his performance in this job, and at all times relevant here, was capable of performing its essential functions.

6. Plaintiff's primary duty as Systems Administrator was to update Defendant's computer system with Windows software updates, as the updates became available.

7. Secondarily, Plaintiff helped other employees with troubleshooting issues related to their personal computers, printers, and other peripheral devices.

8. Plaintiff did not exercise discretion and independent judgment in carrying out his job duties.

9. The FLSA and the Massachusetts Overtime law exempt certain employees in the computer industry from their overtime requirements, but only if all the following criteria are present:

10. The employee is compensated either on a salary or fee basis (as defined in the regulations) at a rate not less than $455 per week or, if compensated on an hourly basis, at a rate not less than $27.63 an hour;

11. The employee is employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field performing the duties described below;

12. The employee's principal, main, major or most important duties (i.e. "primary" duties) must consist of:

13. The application of systems analysis techniques and procedures, including consulting with users to determine hardware,

software or system functional specifications;

14. The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

15. The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

16. A combination of the aforementioned duties, the performance of which requires the same level of skills.

17. Defendant's employment of Plaintiff was not exempt under the FLSA because Plaintiff's primary duties were not those described in paragraphs 8-14 above.

18. Plaintiff frequently worked more than 40 hours in his workweeks, including by working as an "on call" employee on Saturdays, but Defendant did not pay him 1.5 times his regular rate of pay for those hours, because it unlawfully considered him "exemp » from overtime.

19. Plaintiff's consent to sue in accordance with 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

20. Plaintiff informed his manager John O'Connor, and other managers and employees of Defendant Mansfield Bank that his wife suffers from lupus, Raynaud's Disease, and rheumatoid arthritis, and as a result, was a disabled person.

21. In January 2014, Plaintiff was informed that he was going to have to attend a week-long training session in Burlington, MA.

22. On more than one occasion, Plaintiff asked his managers, including O'Connor, if he could take the training class in Providence, RI, or online, because the travel distance from his home in New Bedford to Burlington would create a hardship for him because of his wife's disability.

23. Plaintiff's requests were denied, leading Plaintiff to ask O'Connor and the IT Manager, Jovan Cintron, to meet with him and HR Manager Taryn Degon about his wife's disability, on April 21, 2014.

24. In this meeting, Plaintiff described his wife's disabilities, the hardship the commute would create for him in caring for her, and proposed that he be permitted to take the class online or in Providence as an accommodation.

25. Plaintiff's request, if granted, would not have created any hardships for Defendant's business operations.

26. Degon responded that the parties should meet again the next day, after spending the night thinking over Plaintiff's suggestions, before making any final decision.

27. Before the end of the day, however, Defendant Mansfield Bank, by the acts of its agents, including O'Connor, who harbored animosity against Plaintiff for asking for an accommodation based on his wife's handicaps, abruptly fired Plaintiff.

## SUBJECT MATTER JURISDICTION

28. This court has jurisdiction over this claim under 28 U.S.C. § 1331 (federal question). This court has pendent jurisdiction over the state law claims under *United Mineworkers v. Gibbs*, 383 U.S. 715 (1966).

## COUNT I
## VIOLATION OF FLSA

29.  Plaintiff incorporates by reference all allegations made herein.

30.  Defendant's employment of Plaintiff was subject to the overtime provisions of the FLSA.

31.  Plaintiff worked more than 40 hours in workweeks within the limitations period for making a claim under the FLSA, but Defendant did not pay him 1.5 times his regular rate of pay for those hours of work, in violation of § 207(a) of the FLSA.

32.  Plaintiff has been damaged by Defendant's violation of the FLSA.

## COUNT II
## VIOLATION OF MASSACHUSETTS OVERTIME LAW

33.  Plaintiff incorporates by reference all allegations made herein.

34.  Defendant's employment of Plaintiff was subject to the overtime provisions of G.L. c. 151, § 1A.

35.  Plaintiff worked more than 40 hours in workweeks within the limitations period for making a claim under G.L. c. 151, § 1A, but Defendant did not pay him 1.5 times his regular rate of pay for those hours of work, in violation of G.L. c. 151A.

36.  Plaintiff has been damaged by Defendant's violation of the FLSA.

## COUNT III
## VIOLATION OF G.L. c. 151B
### Associational Discrimination Based on Handicap

37.     Plaintiff incorporates by reference all allegations herein.

38.     Defendant's employment of Plaintiff was subject to G.L. c. 151B.

39.     G.L. c. 151B, § 4(16) prohibits an employer from discriminating against an employee because of the known handicap of an individual with whom the employee has a relationship or association.  See *Flagg v. AliMed, Inc*., 466 Mass. 23 (2013).

40.     Defendant's agents, including O'Connor, Degon, and Cintron, knew that Plaintiff's wife was handicapped, including because Plaintiff had requested an accommodation to his the location of his training because of his wife's handicap.

41.     Defendant terminated Plaintiff's employment because of his association with his wife, who is handicapped.

42.     Defendant's violation of the G.L. c. 151B caused Plaintiff to suffer harm, injury, and damages.

43.     Plaintiff has received a private right of action to pursue his claim under G.L. c. 151B from the Massachusetts Commission Against Discrimination.  (Ex. B.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment awarding Plaintiff and all similarly situated employees all unpaid overtime compensation, emotional distress, punitive damages, liquidated damages, treble damages, and attorneys' fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b), G.L. c. 151, G.L. c. 149, § 150, and G.L. c. 151B.

B. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

C. All such other relief that might be appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Respectfully submitted,

PLAINTIFFS,

By their attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
GLYNN, LANDRY,
& RICE, LLP
25 Braintree Hill Office Park, Suite 408
Braintree, Massachusetts 02184
(781) 849-8479 (office)
(781) 964-8377 (mobile)
daniel.rice@glhrlaw.com

Dated:  June 17, 2014