United States District Court
District of Massachusetts

```
                              )
RYAN FENN,                    )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    14-12554-NMG
MANSFIELD BANK,               )
                              )
        Defendant.            )
                              )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between Ryan Fenn ("plaintiff") and his former employer, Mansfield Bank ("defendant"). Plaintiff contends that defendant misclassified him as exempt from overtime pay otherwise mandated by state and federal law and alleges that he was unlawfully terminated because of his association with his disabled wife. Pending before the Court is defendant's motion to dismiss Counts III and IV of plaintiff's amended complaint which concern only the associational discrimination claims. For the reasons that follow, the motion will be denied.

**I. Background**

    **A. Factual Background**

The Court summarizes only the facts stated in the complaint that are relevant to ruling on the instant motion.

Plaintiff is a resident New Bedford, Massachusetts. He began working for defendant as a "Systems Administrator" in May 2013. His principal responsibility in that position was to update defendant's computer systems.

In January, 2014, plaintiff was told that he would have to attend a week-long training session in Burlington, Massachusetts. Prior to that time, he informed his manager as well as other employees of defendant that his wife was disabled on account of her suffering from lupus, Raynaud's disease and rheumatoid arthritis. Plaintiff felt that the distance he would need to travel for the mandatory training session would create a hardship for him because of his need to care for his wife in New Bedford.

Accordingly, he repeatedly asked his manager if he could either take the training session in Providence, Rhode Island or online. Plaintiff's requests were denied, leading him to request a meeting with the human resources manager, along with his manager and the IT manager, about the issue.

At the meeting, held on April 21, 2014, plaintiff described his wife's disabilities and expressed the hardship it would cause him if he were required to commute to the training in Burlington. He again requested that he be permitted to take the class closer to his home in New Bedford or online. At the conclusion of the meeting, the human resources manager

reportedly told him that before making any final decision they would meet again the following day after considering plaintiff's request overnight.

Instead, before the end of the day, defendant abruptly terminated plaintiff. Plaintiff contends that he was fired because of his association with his disabled wife and he asserts that defendant harbored animosity against him for asking for special consideration.

**B.  Procedural History**

Plaintiff subsequently filed suit in this Court in June, 2014, alleging both federal and state statutory violations in a three-count complaint. In September, 2014, plaintiff filed an amended complaint that asserted a fourth claim against defendant. Plaintiff's amended complaint raises claims against defendant for (1) violations of overtime wage laws, specifically the Fair Labor Standards Act, 29 U.S.C. § 207(a) (Count I) and M.G.L. c. 151, § 1A (Count II), and (2) violations of employment discrimination laws, specifically M.G.L. c. 151B, § 4(16) (Count III) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(4) (Count IV).[1]

In November, 2014, defendant filed the instant motion to dismiss Counts III and IV of plaintiff's amended complaint.

---

[1] Count IV is incorrectly labeled in the amended complaint as a second "Count III."

## II. **Defendant's Motion to Dismiss**

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering the merits of a motion to dismiss, a district court assesses "the sufficiency of the complaint's factual allegations in two steps." Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). First, a court ignores conclusory allegations mirroring legal standards. Id. Second, it accepts the remaining factual allegations as true and draws all reasonable inferences in the plaintiff's favor, thereafter deciding if the plaintiff would be entitled to relief. Id. A complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679. Stated another way, a plaintiff's well-pleaded facts "must possess enough heft" to establish that he is entitled to relief. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and citation omitted).

**B. Analysis**

**1. Count III: Violation of M.G.L. c. 151B, § 4(16)**

Count III of plaintiff's amended complaint alleges that defendant violated M.G.L. c. 151B, § 4(16) when it fired him, allegedly because of his association with his handicapped wife. Chapter 151B, § 4(16) establishes in relevant part that an employer may not

> dismiss from employment or ... otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation.

This Session of this Court held, in Ayanna v. Dechert LLP, 840 F. Supp. 2d 453, 457 (D. Mass. 2012), that M.G.L. c. 151B, § 4(16) is intended to regulate employers' actions with respect to handicapped employees and does not afford standing to non-handicapped employees merely based on their association with a handicapped person. The Court, inter alia, relied on the plain language of the statute which did not encompass "associational" discrimination and noted that any cause of action for associational discrimination ought to emanate from the Massachusetts legislature.

Subsequently, however, the Massachusetts Supreme Judicial Court held that "associational discrimination based on handicap is prohibited under § 4(16)." Flagg v. AliMed, Inc., 466 Mass. 23, 37 (2013). In so holding, the SJC noted its disagreement

-5-

with the decision in Ayanna to preclude claims of associational discrimination brought under § 4(16). Id. at 37 n.27. Therefore, because a federal court "employs the method and approach announced by the state's highest court" when it interprets a state law, the Court must determine if the Flagg decision encompasses plaintiff's claim. Perez v. Greater New Bedford Vocational Technical Sch. Dist., 988 F. Supp. 2d 105, 110 (D. Mass. 2013).

In Flagg, the plaintiff asserted a claim alleging that the defendant fired him because it wanted to avoid the obligation to pay for his wife's costly medical treatment. Id. at 27. The SJC, inter alia, analogized to later-enacted comparable federal laws and opted to read the statutory language broadly in light of its remedial purpose as a "wide-ranging law" aimed at striking against workplace discrimination. Id. at 30, 33-34. Thus, in concluding that § 4(16) encapsulated associational discrimination, the SJC stated

> [w]hen an employer subjects an otherwise satisfactory employee to adverse employment decisions premised on hostility toward the handicapped condition of the employee's spouse, it is treating the employee as if he were handicapped himself—that is, predicated on discriminatory animus, the employer treats the spouse's handicap as a characteristic bearing on the employee's fitness for his job. The employee is thereby subjected to the type of prejudice, stereotypes, or unfounded fear relating to handicapped individuals that [the statute] seeks to protect against.

Id. at 30 (internal quotations omitted).

Plaintiff contends that the SJC's holding in the Flagg case clearly supports finding that he has properly stated a claim under § 4(16). Defendant instead urges the Court to rely on the concurring opinion of now-Chief Justice Gants, who noted the limited holding of the decision. Flagg, 466 Mass. at 42 (Gants, J., concurring) ("The court's finding of a cognizable claim here is based solely on the allegation that he was fired because the employer feared the medical expenses his spouse was likely to incur because of her handicap.").

Defendant also argues that plaintiff's claim essentially posits only that he was fired by defendant for demanding a work accommodation on account of his disabled wife which defendant was unwilling to allow. Defendant would be correct, and its motion to dismiss Count III would be allowed, if that were all plaintiff's claim asserted. See id. at 32 n.18 ("we have no occasion to consider whether an employee with a handicapped spouse himself is entitled to reasonable accommodation on account of his spouse's condition"); Id. at 42 (Gants, J., concurring) ("the court's opinion does not suggest that an employer is required under § 4(16) to provide reasonable accommodation to an employee who is not himself handicapped to allow the employee to attend to important family matters, medical or otherwise").

Plaintiff's complaint, however, is not so narrowly pled. Instead, plaintiff clearly alleges that he was fired <u>because of</u> his association with his disabled wife, not merely because he asked for an accommodation on account of her disability that defendant was unwilling to give.  He contends that his wife's disability was a determining factor in defendant's abrupt decision to terminate him and that defendant harbored animosity against him even for asking for the accommodation.  Such allegations, which the Court is obligated to assume as true at this stage of the litigation, sufficiently assert that defendant's decision to terminate him was "premised on hostility toward the handicapped condition of [his] spouse" and, thus, was "because of his association with his handicapped wife." <u>Id.</u> at 30, 37.

The Court hastens to add, however, that its decision is based solely on the face of the amended complaint.  If discovery demonstrates that plaintiff was fired merely because defendant was unwilling to make an accommodation to his work schedule, summary judgment in defendant's favor may well be warranted.  No such accommodation is owed to plaintiff on account of his wife's disability and the <u>Flagg</u> decision cannot reasonably be construed as an extension of § 4(16) to protect against any such actions by employers.  Even under the SJC's expansive statutory reading, associational discrimination claims under § 4(16) are limited.

Accordingly, the Court will deny the motion to dismiss as to Count III.

### 2. Count IV: Violation of 42 U.S.C. 12112(b)(4)

Count IV of plaintiff's amended complaint alleges that defendant also violated 42 U.S.C. 12112(b)(4) when it fired him, allegedly because of his association with his handicapped wife. Employment discrimination under Section 12112(b)(4) includes

> excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

Thus, unlike the plain language of M.G.L. c. 151B (4)(16), the ADA explicitly proscribes associational discrimination.

Associational discrimination claims under § 12112(b)(4) are nevertheless limited as well. For example, the provision does not "obligate employers to accommodate the schedule of an employee with a disabled relative." Erdman v. Nationwide Ins. Co., 582 F.3d 500, 510 (3d Cir. 2009) (drawing distinction between statutory language in § 12112(b)(4) and (5)). Thus, claims under § 12112(b)(4) are limited to instances where plaintiffs allege they were terminated "because of" the disability of an associate. Id.; see also Oliveras-Sifre v. P.R. Dep't of Health, 214 F.3d 23, 26 (1st Cir. 2000) (noting that § 12112(b)(4) is aimed at protecting "qualified individuals from adverse job actions based on unfounded stereotypes and

-9-

assumptions arising from the employees' relationships with particular disabled persons").

As such, to make out a prima facie case of associational discrimination under § 12112(b)(4), a plaintiff must establish that (1) he was qualified for the job when the adverse employment action was taken, (2) there was in fact an adverse employment action, (3) at that time he was known by his employer to have a disabled relative and (4) the "action occurred under circumstances that raises a reasonable inference that the disability of the relative was a determining factor" in the employer's decision. Stansberry v. Air Wisconsin Airlines Corp., 651 F.3d 482, 487 (6th Cir. 2011) (citing Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1085 (10th Cir. 1997)).

Defendant once again selectively reads plaintiff's complaint in moving to dismiss Count IV. Defendant argues that it was not required to accommodate plaintiff's request and thus cannot be liable under § 12112(b)(4). There is no question that defendant was under no obligation to acquiesce to plaintiff's request not to have to attend the training session in Burlington, Massachusetts. See Erdman, 582 F.3d at 510 (citing 29 C.F.R. § 1630.8, App. ("an employer need not provide [an] employee without a disability with a reasonable accommodation because that duty only applies to qualified ... employees with disabilities")).

Thus, defendant would have been permitted to reconvene with plaintiff the following day and deny his request for an accommodation. Until plaintiff was explicitly so told, however, he had no opportunity to accept defendant's arbitrary decision and endure the purported hardship. Had plaintiff then persisted, defendant would have been within its legal rights to terminate his employment.

But plaintiff does not contend that he was fired merely because of an unaccepted request for accommodation. Instead, he alleges that his wife's disability was a determining factor in defendant's termination decision, evidenced by the fact that management originally promised to consider his request overnight, only to change course and fire him before the end of the workday.

Plaintiff asserts that sudden decision to terminate him was motivated by animus and hostility regarding his association with his disabled wife. See Erdman, 582 F.3d at 510 (remarking that § 12112(b)(4) "clearly refers to adverse employment actions motivated by the known disability of an individual with whom an employee associates, as opposed to actions occasioned by the association") (internal quotations omitted). Such allegations sufficiently plead a prima facie case of associational discrimination under § 12112(b)(4).

It may ultimately be determined that defendant's prior knowledge of the disability of plaintiff's wife sufficiently undercuts his discrimination claim. See id. at 511 (holding that record was "devoid of evidence" indicating that the plaintiff's termination was motivated by her daughter's disability because the defendant had known about it for years prior to her termination). Defendant, however, did not raise the issue in its motion to dismiss.

Nor is there sufficient factual evidence to consider properly what non-discriminatory justification might have caused defendant's precipitous change of course. As this case progresses, plaintiff will need to establish conclusively that defendant based its termination decision upon some sort of animosity or prejudice towards plaintiff's disabled spouse but such proof is not required at the pleading stage.

Accordingly, when drawing all reasonable inferences in plaintiff's favor, the Court finds that he has alleged sufficient facts to survive a motion to dismiss on Count IV.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss Counts III and IV of the amended complaint (Docket No. 7) is **DENIED.**

**So ordered.**

                                                  /s/ Nathaniel M. Gorton  
                                                  Nathaniel M. Gorton  
                                                  United States District Judge  

Dated February 12, 2015